UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

_____/

ASPEX EYEWEAR, INC.,
a Delaware Corporation,

    Plaintiff,

Case No.

Judge:

v.

PAUL E. SCHMITZ, an individual
and SCHMITZ ENTERPRISES, INC.,
a Michigan Corporation,

    Defendants.
_____/

Scott M. Goldstein, P48018
**GOLDSTEIN LAW OFFICES, PLLC**
Attorneys for Plaintiff
1690 Watertower Pl., Ste. 400
East Lansing, MI 48823
517-381-1600-Telephone
Esq93@aol.com
_____/

## COMPLAINT AND JURY TRIAL DEMANDED

NOW COMES plaintiff, Aspex Eyewear, Inc., by and through **GOLDSTEIN LAW OFFICES, PLLC** by, Scott M. Goldstein of Goldstein Law Offices, PLLC, and for its Complaint states:

### PARTIES

1.     Plaintiff, Aspex Eyewear, Inc. (*hereinafter "plaintiff"*) is a Delaware Corporation with its principal place of business in Pembroke Park, Florida, and is in general business of selling eyeglass frames within Oakland County, Michigan, with its principal place of business at

2755 S. W. 32nd Ave., Pembroke Pines, Florida 33023.

2. Defendant, Paul E. Schmitz (*hereinafter "Schmitz"*), is an individual, by information and belief, is a resident of Farmington Hills, Michigan residing at 37048 Dunstable Ct., Farmington Hills, Michigan 48335.

3. Schmitz Enterprises, Inc., (*hereinafter "Enterprises"*) is a Michigan Corporation doing business in Oakland County, Michigan, with its principal place of business at residing at 37048 Dunstable Ct., Farmington Hills, Michigan 48335.

4. Schmitz and Enterprises are collectively referred to in this Complaint as "Defendants".

5. This matter arose in the City of Farmington Hills, Oakland County, Michigan.

## JURISDICTION AND VENUE

6. This action is for false advertising pursuant to the Lanham Act (15 U.S.C. § 1051, *et seq.*), unfair trade practices under the Michigan Uniform Deceptive Practices Act (MCL 500.2001, *et seq.*), unfair competition under the common law of the State of Michigan and for patent infringement under the Patent Act (35 U.S.C. § 1, *et seq*).

7. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332 and 1338. This Court also has jurisdiction over the related state and common law claims under 28 U.S.C. § 1367.

8. This Court has personal jurisdiction over the defendants since, on information and belief, the defendants reside in this district and regularly conduct business in Michigan and in this district.

## GENERAL ALLEGATIONS

9. Plaintiff sells and distributes eyeglass devices throughout the United States, including

devises incorporating its patented technology under various trade names including EasyClip®.

10. On information and belief, Alternative Eyewear, Inc. (*hereinafter "Alternative"*) is headquartered in Buffalo, New York, and a distributor nationally of eyeglass devices. Alternative has distributed eyeglass devices to retailers in this district who in turn sell eyeglass devices to end users. Alternative has sold and currently sells a line of eyeglass devices that incorporate magnetic technology under the "Smart Clip" name.

11. Defendants are sales representatives of Alternative.

12. Defendant Paul E. Schmitz (hereinafter "Schmitz") and Schmitz Enterprises, Inc. (*hereinafter "Enterprises"*) are headquartered in Farmington Hills, Michigan, and are distributors nationally of eyeglass devises. Defendants have distributed eyeglass devices to retailers in this district who in turn sell the eyeglass devises to end users. Defendants have sold and currently sell a line of eyeglass devices that incorporate the magnetic technology under the "Smart Clip" name.

13. Schmitz, based upon information and belief, is the sole owner of Enterprises, and is employed by and through Enterprises.

14. On or about May 28, 2006, Enterprises entered into an employment contract with Manhattan Studios, Inc., a wholly owed subsidiary of Aspex Eyewear, Inc. to sell plaintiff's product.

15. On or about December 31, 2008, plaintiff terminated Enterprises contract, and defendants retained plaintiff's product, contrary to the contract between the parties. A lawsuit regarding the matter surrounding plaintiff's termination of this contract has been filed by plaintiff and is being litigated in the Oakland County Circuit Court.

16. Upon information and belief, defendants modified and distributed to retailers a flyer that was originally prepared by plaintiff to market its EasyClip® product. The flyer distributed by defendants is attached hereto as Exhibit "A" (*hereinafter "Flyer"*).

17. Upon information and belief, the Flyer was modified by defendants to add the words "Hurry, Now Available at Wal-Mart Just $136.00".

18. Upon information and belief, defendants represented to retailers that currently purchase and resell plaintiff's EasyClip® product that plaintiff is currently selling its EasyClip® product to Wal-Mart who is reselling the EasyClip® product to end users for $136.00. Plaintiff's EasyClip® product is not available for sale at Wal-Mart stores for $136.00.

19. Upon information and belief, defendants made these false representations to retailer regarding plaintiff's sales of its EasyClip® product to Wal-Mart in order to convince retailers to discontinue their sales of plaintiff's EasyClip® product and switch to their line.

20. Upon information and belief, defendants intentionally misled retailers regarding Wal-Mart's sales of plaintiff's EasyClip® product for $136.00 to suggest to these retailers that plaintiff is unfairly undercutting their sales by selling its EasyClip® product to Wal-Mart.

## COUNT I
## FALSE ADVERTISING UNDER THE LANHAM ACT

21. Plaintiff incorporates by reference paragraphs 1 through 20.

22. Defendants' unauthorized use of the Flyer falsely suggests that plaintiff's EasyClip® product is sold at Wal-Mart for $136.00, and that plaintiff sold its EasyClip® product to Wal-Mart for resale at Wal-Mart stores constitutes false advertising in violation of 15 U.S.C. § 1125(a).

23. Defendants aforementioned acts have cause and, unless enjoined by this Court, will continue

to cause irreparable injury and other damage to plaintiff's business, reputation and goodwill. Plaintiff's legal damages alone will not be an adequate remedy.

## COUNT II
## UNIFORM DECEPTIVE TRADE PRACTICES ACT UNDER MICHIGAN LAW

24. Plaintiff incorporates by reference paragraphs 1 through 23.

25. Defendants' unauthorized use of the Flyer in connection with his/its effort to sell another company's product is likely to cause confusion, mistake and to deceive retailers regarding plaintiff's business practices resulting in unfair competition in violation of Michigan law under MCL 500.2001, *et seq*.

26. Upon information and belief, defendants are aware this aforementioned representations to retailers were false.

27. Defendants' aforementioned acts have caused and, unless enjoined by this Court, will continue to cause irreparable injury and other damage to plaintiff's business, reputation and goodwill. Plaintiff's legal damages alone will not be an adequate remedy.

## COUNT III
## COMMON LAW UNFAIR COMPETITION

28. Plaintiff incorporates by reference paragraphs 1 through 27.

29. Defendants' unauthorized use of the Flyer constitutes unfair competition in violation of Michigan common law.

30. Defendants' unauthorized acts have caused and, unless enjoined by this Court, will continue to cause irreparable injury and other damage to plaintiff's business, reputation and goodwill. Plaintiff's legal damages alone will not be an adequate remedy.

## COUNT IV
## INFRINGEMENT OF THE 6,109,747 PATENT

31. Plaintiff incorporates by reference paragraphs 1 through 30.

32. On August 29, 2000, the United States Patent and Trademark Office duly issued United States Patent No. 6,109,747 entitled "Eyeglass Frames with Magnets in Flanges" (*hereinafter '747"*) to the inventor David Yinkai Chao (*hereinafter Chao"*) who has duly assigned all right, title and interest in the patent to Contour Optik, Inc. (*hereinafter "Contour"*). See Exhibit "B", attached hereto.

33. Plaintiff is the exclusive licensee of the '747 patent in the United States.

34. As the exclusive licensee of the '747 Patent, plaintiff has the exclusive right to make, use and sell products, including eyeglass primary frames and auxiliary frames, according to the '747 Patent.

35. Plaintiff also holds the right to sue for infringement of the '747 Patent in the United States.

36. Upon information and belief, knowing of the '747 Patent, defendants have infringed thereon by using, offering for sale and selling magnetic eyeglasses and clip-on attachments as claimed in the '747 Patent, within this district.

37. Defendants' products infringe upon the '747 Patent include eyeglasses sold under the name Smart Clip.

38. These infringement articles, as alleged above, have not been authorized in any manner by plaintiff or Contour.

39. Defendants have never been authorized to or otherwise granted the right to use, manufacture, offer for sale, sell or otherwise distribute any devices according to the '747 Patent.

40. Defendants have notice of this infringement, as prescribed in 35 U.S.C. § 287.

41. Defendants' infringement of the '747 Patent is and has been willful and deliberate.

42. Upon information and belief, defendants will continue to infringe upon the '747 Patent to the irreparable damage to plaintiff, unless enjoined by this Court. Plaintiff has no adequate remedy at law.

### COUNT V
### INFRINGEMENT OF THE 7,198,364 PATENT

43. Plaintiff incorporates by reference paragraphs 1 through 42.

44. On April 3, 1997, the United States Patent and Trademark Office duly issued United States Patent No. 7,198,364 (*hereinafter "'364"*) entitled "Eyeglass Combination Having Auxiliary Frame", to David Yinkai Chao.   See Exhibit "C", attached hereto.

45. The '364 Patent was issued from a continuation application that issued the '747 Patent.

46. Chao has duly assigned Contour all right, title and interest in the '364 Patent.

47. Plaintiff is the exclusive licensee of the '364 patent in the United States.

48. As the exclusive licensee of the '364 Patent, plaintiff has the exclusive right to make, use and sell products, including eyeglass primary frames and auxiliary frames, according to the '747 Patent.

49. Plaintiff also holds the right to sue for infringement of the '364 Patent in the United States.

50. Upon information and belief, knowing of the '747 Patent, defendants have infringed thereon by using, offering for sale and selling magnetic eyeglasses and clip-on attachments as claimed in the '364 Patent, within this district.

51. Defendants' products infringe upon the '747 Patent include eyeglasses sold under the name

Smart Clip.

52. These infringement articles, as alleged above, have not been authorized in any manner by plaintiff or Contour.

53. Defendants have never been authorized to or otherwise granted the right to use, manufacture, offer for sale, sell or otherwise distribute any devices according to the '364 Patent.

54. Defendants have notice of this infringement, as prescribed in 35 U.S.C. § 287.

55. Defendants' infringement of the '364 Patent is and has been willful and deliberate.

56. Upon information and belief, defendants will continue to infringe upon the '364 Patent to the irreparable damage to plaintiff, unless enjoined by this Court. Plaintiff has no adequate remedy at law.

## REQUEST FOR RELIEF

**WHEREFORE** plaintiff, Aspex Eyewear, Inc., requests that this Court enter a:

A. Judgment requiring defendants, and all other persons, firms or corporations in active concert or participation with him/it, be preliminarily and permanently enjoined and restrained, in any manner, from making representations to anyone regarding plaintiff or Wal-Mart sales of the EasyClip® product or making any unauthorized use of the Flyer.

B. Judgment ordering defendants, pursuant to 15 U.S.C. § 1116(a), ordering defendants to file with this Court and serve plaintiff within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which defendants have complied with the injunction.

C. Judgment order defendants, pursuant to 15 U.S.C. § 1118 and the equitable power

of this Court to enforce the common law of the Michigan, to surrender for destruction all materials incorporating or in any way reproducing the Flyer.

D. Judgment finding that defendants violated 15 U.S.C. § 1125 and ordering, pursuant to 15 U.S.C. § 1114, an accounting of defendants' profits, and any other relief attributable to such violation.

E. Judgment ordering defendants to pay actual damages sustained by plaintiff as a result of defendants' false advertising, unfair and deceptive trade practice and unfair competition, and pay the costs of this action, including actual attorney fees and costs, together with prejudgment interest and that plaintiff's recovery be trebled pursuant to 15 U.S.C. § 1117.

F. Judgment that defendants be compelled to pay plaintiff's actual attorney fees pursuant to 15 U.S.C. § 1117 and MCL 500.2001, *et seq.* of the Michigan Uniform Deceptive Practices Act; and

G. Judgment granting plaintiff such other relief as this Court deems just and proper.

H. Declaration that defendants' acts and conduct infringe the '747 Patent and the '364 Patent and the exclusive rights in the Patents held by plaintiff.

I. Declaration that the infringement of defendants was willful.

J. Permanent injunction pursuant to 35 U.S.C. § 283 that:

   i. Enjoins defendants and all other persons, firms or corporations in active concert or participation with defendants from infringing upon the '747 Patent and the '364 Patent; and

   ii. Requires defendants and all other persons, firms or corporations in active

concert or participation with defendants, to recall from all distributors, wholesalers, retailers and any other entities known to defendants, all products that infringe upon the '747 Patent and the '364 Patent, and require defendants to file with this Court and to serve upon plaintiff, within thirty (30) days after service of the Court's Order as herein requested, a report under oath setting forth in detail the manner and form in which defendants have complied with the Court's Order.

K. Order an accounting of all revenues and/or profits realized by defendants.

L. Order pursuant to 35 U.S.C. § 284 an award of plaintiff's damages adequate to compensate for the infringement, but in no event less than a reasonable royalty, together with interest and costs, taking into account plaintiff's actual damages and defendants' revenues and/or profits as a result of the infringement.

M. Order pursuant to 35 U.S.C. § 284 that any award of damages be trebled.

N. Order pursuant to 35 U.S.C. § 285, a finding that this case is exceptional and an award of plaintiff's reasonable attorney fees as the prevailing party.

O. Such other relief as the equity in this case may require and as this Court may deem just and proper, together with the costs and disbursements of this action, including attorney fees.

Respectfully submitted,

**GOLDSTEIN LAW OFFICES, PLLC**

<u>s/ Scott M. Goldstein</u>
Scott M. Goldstein, P48018
Attorneys for Plaintiff
1690 Watertower Pl., Ste. 400
East Lansing, MI 48823
517-381-1600-Telephone
<u>Esq93@aol.com</u>

Dated:   March 27, 2009

## JURY DEMAND

Plaintiff, Aspex Eyewear, Inc., hereby demands a trial by jury.

Respectfully submitted,

**GOLDSTEIN LAW OFFICES, PLLC**

<u>s/ Scott M. Goldstein</u>
Scott M. Goldstein, P48018
Attorneys for Plaintiff
1690 Watertower Pl., Ste. 400
East Lansing, MI 48823
517-381-1600-Telephone
<u>Esq93@aol.com</u>

Dated:   March 27, 2009
S:\matters\Aspex.federal.complaint